COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-397-CR
 
DUANE M. WEAST    
                                                        APPELLANT
V.
THE STATE OF TEXAS    
                                                      STATE
------------
FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
The trial court convicted Appellant Duane M. Weast of driving while intoxicated
(DWI). The trial court fined him $750, sentenced him to forty-five days in the
Tarrant County Jail, and suspended his driver's license for two years. On
appeal, Appellant complains that the evidence is legally and factually
insufficient to support his conviction and that the trial court erred in
overruling his motion for new trial. We affirm.
       
On December 22, 2001, at approximately 4:00 p.m., Fort Worth police officer C.J.
Hash observed Appellant driving his pickup truck at a high rate of speed through
an intersection. Appellant braked quickly to avoid a collision, and his truck
tires locked up and squealed.
       
Officer Hash stopped Appellant. Appellant had trouble finding his license and
had to thumb through his cards several times before he found it. Officer Hash
detected a strong odor of alcohol on Appellant's breath. Officer Hash conducted
three field sobriety tests. In the first, the horizontal gaze nystagmus test,
Appellant exhibited six out of six clues of intoxication, resulting in a failed
test. In the second test, the walk-and-turn test, Appellant had trouble
complying with the instructions. He did not touch his toe to his heel on all his
steps, and he overlapped his footing. In the third test, the one-leg stand test,
Appellant could not keep his foot raised and placed it on the ground twice. He
also swayed from left to right. Officer Hash arrested Appellant for DWI.
       
In the cab of Appellant's truck, Officer Hash found a pink, plastic cup
containing an alcoholic beverage in the center console. He also found a plastic
Coke bottle on the passenger seat and a bottle of Jack Daniels whiskey, with a
quarter of its contents remaining, behind the driver's seat and within
Appellant's reach.
       
Officer Hash testified at trial that Appellant was operating his motor vehicle
while under the influence of alcohol. He also testified that Appellant had lost
the normal use of his mental and physical faculties. Officer Neal Noakes, who
assisted Officer Hash in transporting Appellant to jail, also testified that
Appellant had a strong odor of alcohol on his breath and person.
       
Appellant testified at trial. He explained that he came to a halt at the
downtown intersection because the car in front of him stopped at a green light.
He also testified that Officer Hash failed to fully explain the field sobriety
tests. Appellant stated that he had bought the whiskey the previous Friday to
take to work, and that the cup was for his boss, Cecil. He explained that his
custom was to share the whiskey with coworkers and family when giving Christmas
greetings. He also testified that he had consumed only one beer the day he was
stopped and denied being intoxicated.
       
Otis E. Green, Jr., an investigator with the Arlington Police Department, also
testified on Appellant's behalf.(2)  Green
testified that Appellant is his wife's cousin, and that he had known Appellant
for approximately twenty-one years. Green testified that on the day Appellant
was arrested, Appellant had been at Green's home. Green testified that he saw
Appellant drink only one can of beer. Green said that when Appellant left his
home at approximately 2:15 p.m., Appellant exhibited no signs of intoxication or
change in demeanor as a result of the consumption of the beer. On
cross-examination, Green testified that he had training as a police officer and
had arrested persons for driving while intoxicated. On redirect, Green viewed
the videotape of Appellant and was of the opinion that Appellant did not appear
intoxicated. Green indicated that, based on his knowledge of Appellant, he would
be comfortable with Appellant driving his own daughter even after he had
consumed whiskey and beer.
       
In his first two points, Appellant makes legal and factual sufficiency
complaints. Specifically, he argues that the testimony of Green, who, in
addition to being a long-time friend of Appellant, was also a trained police
officer who had experience in determining if an individual is intoxicated,
indicated that Green did not believe Appellant was intoxicated. The evidence,
therefore, was insufficient.
       
A person commits the offense of DWI if the person operates a motor vehicle in a
public area while intoxicated. See Tex. Penal Code Ann. § 49.04(a)
(Vernon 2003). After reviewing the record, we conclude that the evidence is both
legally and factually sufficient to support Appellant's conviction for DWI.
Although the trial court heard testimony that Green did not believe Appellant
was intoxicated, it is entitled to evaluate the credibility of the witnesses and
to determine the weight to be given any particular evidence. See Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Appellant was arrested
approximately two hours after leaving Green's home, and Green testified that he
was not aware that Appellant had in his truck a cup filled with Jack Daniels
whiskey and Coke and a bottle of Jack Daniels with only one-fourth of its
contents remaining. The trial court did not have to give great weight to or even
believe Green's testimony. See id.
       
Accordingly, applying the appropriate standards of review,(3)
we hold that the evidence is both legally and factually sufficient to support
the trial court's judgment.(4)  We overrule
Appellant's first and second points.
       
In his third point, Appellant contends that the trial court abused its
discretion by not granting his motion for new trial because it did not give due
deference to Green's testimony. As discussed above, the trial court did not have
to give great weight to Green's testimony, regardless of the length of time he
had known Appellant or the extent of his training and experience. Because the
evidence was legally and factually sufficient and the trial court could evaluate
Green's credibility and testimony, we hold that the trial court did not abuse
its discretion in overruling Appellant's motion for new trial. We overrule
Appellant's third point.
       
Having overruled all of Appellant's points, we affirm the trial court's
judgment.
 
   
                                                        DIXON
W. HOLMAN
   
                                                        JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 19, 2003

1. See Tex. R. App. P. 47.4.
2. To clarify, Green was not involved with or present at
Appellant's arrest.
3. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993); Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (holding that a proper
factual sufficiency review must include a discussion of the most important and
relevant evidence that supports the appellant's complaint on appeal); Santellan
v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual
sufficiency standard of review); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996) (same).
4. See Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Clewis, 922 S.W.2d at 134.